**Cirilio GARAY, Jr., Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 24647.**

United States Court of Appeals Fifth Circuit.

July 25, 1968.

Rehearing Denied Sept. 13, 1968.

James Haynes, Jr., Laredo, Tex., for appellant.

James R. Gough, Asst. U. S. Atty., Houston, Tex., for appellee.

Before BELL, COLEMAN, and GOD-BOLD, Circuit Judges.

PER CURIAM:

In this post-*Miranda* [1] case the record affirmatively shows that appellant was not given the constitutionally required warnings before his in-custody interrogation by customs agents. Appellant was implicated originally by co-defendant and government witness Villareal. Appellant and Villareal had just been on a trip to Mexico together. Villareal was found in possession of narcotics, and told government officers he was carrying them as agent of appellant and was to deliver them to appellant in Texas. No delivery was shown. Villareal's statements were used to elicit admissions from appellant. Then at the trial Villareal recanted his statements implicating appellant and testified that he was attempting, in desperation and confusion, to shift blame from himself to appellant.

Bearing the foregoing in mind, and the fact that the admissions improperly obtained from appellant were of such great importance in the totality of evidence, and the fact that appellant's trial occurred only a few weeks after the decision in *Miranda*, we note the erroneous admission of appellant's statements into evidence as plain error affecting substantial rights under Fed.R.Crim.P. 52(b) although not objected to by trial counsel.

Reversed and remanded.

1. Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).